UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

STACEY BOWEN,

    Plaintiff,                                      Case No.

vs.

UBER TECHNOLOGIES, INC,

    Defendant(s).

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. COMES NOW, Plaintiff, STACEY BOWEN, by and through her attorney, Young B. Kim of Young's Law Firm, P.A., files this Complaint and Demand for Jury Trial, and sues Defendant(s) UBER TECHNOLOGIES, INC., and alleges on knowledge as to their own actions, and otherwise upon information and belief, as follows:

## INTRODUCTION

2. Plaintiff case involves discrimination by Defendant in violation of Title III of theFederal Americans Disabilities Act (ADA). Plaintiff makes the following allegations in this civil rights action.

## JURISDICTION AND VENUE

3.  The federal jurisdiction of this action is based on 42 U.S.C. § 12101, the federal Americans With Disability Act. Venue is proper in this United States District Court for the Middle District of Florida pursuant to 28 U.S.C § 1391(b), because a substantial part of Plaintiff's claim arose within said Judicial District.

4.  This United States District Court for the Middle District of Florida has supplemental jurisdiction over the Florida state.

## PARTIES

5.  Plaintiff, Stacey Bowen, is and, at all time relevant hereto, was a resident of Florida. Plaintiff is and, at all time relevant hereto, has been diagnosed with PTSD and is therefore a member of a protected class under ADA U.S.C. 12102(2); the ADA set forth at 28 CFR §§ 36.101 *et seq*.

6.  Defendant, Uber Technologies, Inc., commonly known as Uber, is an American technology company which provides ride-hailing services, food delivery, package delivery, courier, freight transportation and rental services and is headquartered at 1455 Market St., Ste 400, San Francisco, CA 94103. Defendant is a transportation provider pursuant to 42. U.S.C 12181.

## CONCISE SET OF FACTS

7. Plaintiff, Stacey Bowen has been medically diagnosed with severe PTSD. Plaintiff visits a mental health counselor on a regular basis because it substantially limits her ability to have contact with other people and her community. She has high anxiety and often has panic attacks.

8. Plaintiff's doctor recommended that she obtain a service dog to help with her severe PTSD.

9. Plaintiff is solely dependent on Uber and Access Lynx Paratransit to assist her in all of her transportation needs.

9. On April 20, 2019, Plaintiff used the Uber app to request a ride. A driver was assigned and arrived.

10. When the driver arrived at the Altamonte Mall, the Plaintiff immediately opened the back door of the passenger side of the vehicle.

11. Once the Uber driver became aware of the service dog, she refused service because she claimed that she was allergic to dogs. "Exhibit A"

12. Plaintiff advised her that her animal was a service dog and asked her if she knew it was illegal to deny her access with her animal.

13. Plaintiff's service dog is listed on her Uber profile.

14. The Uber driver informed the Plaintiff that she was not aware and still refused service due to her allergies.

15. The Uber driver informed the Plaintiff that she would cancel the ride and find another driver that would pick her up.

16. Another Uber driver came and picked the Plaintiff up some time later.

17. Plaintiff then made a complaint via the app.

18. Then, Plaintiff was contacted by Patrisha via Uber messaging app. Patrisha stated that Uber has launched an internal investigation and someone will be in contact with the Plaintiff as soon as possible.

19. Later that same day on or about April 20, 2019 at 6:15 p.m., Richard from Uber contacted via Uber messaging app the Plaintiff and stated that "The behavior you've described is not tolerated."

20. On or about April 20, 2019 at 8:31 p.m., Richard contacted Plaintiff and stated the following:

> At the conclusion of our investigation, the partner you reported on April 20, 2019 has been provided with additional information regarding legal obligations, and their Uber account has been reactivated. They have confirmed that they understand their legal obligations. Should we receive a second report of this nature, their account may be subject to permanent deactivation. To read more about our Service Animal Policy, please click here. Please let us know if you need more help with this.

21. This incident has caused her great emotional distress and has greatly aggravated her symptoms of PTSD, including but not limited to creating high anxiety which has prevented her from going outside and participating with the general community.

## CAUSE OF ACTION AGAINST DEFENDANT--<br>CLAIMS UNDER THE AMERICANS WITH DISABILITIES ACT OF 1990

22. Plaintiff is not required to provide notice to the Defendant prior to filing a complaint. Plaintiff is liable for the following claims alleged below:

CLAIM I: Denial of Participation

23. 42 United States Code 12182(b) states, "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." Based on the facts plead at ¶¶ 4 - 21 above and elsewhere in this complaint, Plaintiff is informed, believes, and thereon alleges that Defendant violated the said provision because Plaintiff, who is disabled under the ADA, could not participate in obtaining transportation from the Defendant because Defendant's driver refused to transport the Plaintiff with her service dog.

Claim II: Participation in Unequal Benefit

24. 42 United States Code 12182(b) states: It shall be discriminatory to deny an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual,

licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation. Based on the facts plead at ¶¶ 4 - 21 above and elsewhere in this complaint, Plaintiff is informed, believes, and thereon alleges that Defendant violated said provision because the present Defendant does not offer users with disabilities any benefits and communications that will help them decide to go to utilize the private entity's business of providing transportation to people whose operations affect commerce.

Claim III: Separate Benefit

25.     42 United States Code 12182(b) states "It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others." Based on the facts plead at ¶¶ 4 - 21 above and elsewhere in this complaint, Plaintiff is informed, believes, and thereon alleges that Defendant violated the said provision since Defendant provides a benefit that is

separate and unequal to people with disability by forcing them to extensively conduct research to determine if the Defendant provides transportation to persons with disabilities and/or with their service animals. Persons without disabilities do not need to consider if they can participate and use Defendant's business of providing transportation. All they need to consider is when they want to press the touchscreen of an Uber App on their mobile device is to pick them up, but persons with disabilities must conduct extensive research whether Defendant provides transportation to them or not.

Claim IV: Integrated Settings

26. 42 United States Code 12182(b) states, "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual." Based on the facts plead at ¶¶ 4 - 21 above and elsewhere in this complaint, Plaintiff is informed, believes, and thereon alleges that Defendant violated the said provision since Plaintiff alleges by failing to offer the alternative methods to access Defendant's business of providing transportation, the Defendant failed to offer the goods or the services in the most integrated manner. For example, Defendant knew that the offering of the business of providing transportation was not easily

accessible to persons with disabilities and/or with service animals. Defendant failed to provide notice in their advertising, notices on their vehicles or otherwise on communications, including but limited to Defendant's Uber messaging app to allow people with disabilities to decide if they wanted to use the Defendant's business of providing transportation.

Claim V: <u>Administrative Methods</u>

27. <u>42 United States Code 12182(b)</u> states, "An individual or entity shall not, directly or through contractual or other arrangements, utilize standards or criteria or methods of administration—(i) that have the effect of discriminating on the basis of disability; or (ii) that perpetuate the discrimination of others who are subject to common administrative control." Based on the facts plead at ¶¶ 4 - 21 above and elsewhere in this complaint, Plaintiff is informed, believes, and thereon alleges that Defendant violated said provision since Defendant decided to open a business and invite the public for profit. Thus, Defendant agreed to comply with all federal and states laws related to their business. Defendant retained agents and/or employees for business administration including Civil Rights compliance. Thus, Defendant had administrative control over service access compliance. Plaintiff alleges based on information and belief that Defendant's services including alternative methods, auxiliary aids, and business services violate

said section because Defendant failed to exercise control over their agents or employees as to ADA compliance.

Claim VI: <u>Auxiliary Aids</u>

28.     <u>42 United States Code 12182(b)</u> states, "42 United States Code 12182(b) states, "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;..."  Based on the facts plead at ¶¶ 4 - 21 above and elsewhere in this complaint, Plaintiff is informed, believes, and thereon alleges that Defendant violated said provision since it did not place ADA accessible signs on each and every vehicle which provides transportation to their users in the jurisdiction where the Plaintiff resides.  Moreover, auxiliary aids were not clearly visible and/or entirely missing in Defendant's Uber App which indicates to its users that the Defendant does not provide adequate access to persons with disabilities and/or with their service animals.

## **DEMAND FOR JUDGEMENT FOR RELIEF:**

A. Plaintiff seeks injunctive relief pursuant to 42 U.S.C. § 12188(a). Pursuant to 42 U.S.C. § 12188(a), Plaintiff request this Court enjoin Defendant to remove all barriers to equal access to the disabled Plaintiff in, at, or on Defendant's business of providing Transportation, including but not limited to addressing potential and future refusal of transportation to a disabled Plaintiff with her service dog, placing auxiliary aids on all Uber vehicles in and around the jurisdiction of where the Plaintiff resides, improving advertising and communications to address barriers to access to Uber's business of providing transportation in the jurisdiction in which the Plaintiff resides and correcting Administrative procedures which place barriers to Plaintiff's access to Uber's business of providing transportation.

B. Plaintiff seeks damages pursuant to 42 U.S.C. 12188, including but not limited to damages enforced under 42 U.S.C. 12188(b)(2)(C).

C. Plaintiff seeks a Jury Trial and;

D. For such other further relief as the court deems proper.

Signed on this 20th day of April 2021.

Respectfully submitted,

<u>/s/ Young B. Kim</u>
Young B. Kim
Attorney for Plaintiff
60 East 5th St.

Apopka, FL 32703
FL. Bar No.: 125417
407-278.7177
youngbkimlaw@gmail.com